OPINION OF THE COURT
Gabriel M. Krausman, J.
In December, 1974, Stephen Korman purchased shares in Bayridge Air Rights, Inc., a State-supervised Mitchell-Lama housing co-operative. The purchase provided him with the right to occupy an apartment in the premises located at 260-65th Street, Brooklyn. Mr. Korman resided there until August, 1981 when he sold his shares in the cooperative, terminated his tenancy and vacated the apartment. Upon the sale of the shares the co-operative refunded to Mr. Korman only the consideration he paid for the shares. Mr. Korman then initiated this action in the Small Claims Part of this court to recover his full proportionate share of the amortization of the first mortgage on the project for the period of time during which he was a shareholder in the co-operative.
Disposition of this litigation is dependent upon the resolution of a single issue of first impression, the interpretation of section 31-a of the Private Housing Finance Law. The question presented is, does section 31-a mandate that upon the resale of shares, that the co-operative must pay to the shareholders his full proportionate share of the amortization of the project’s first mortgage, or is the return of amortization discretionary and the statute merely establishes guidelines for the maximum amortization refund payment.
*238 Section 31-a of the Private Housing Finance Law provides: “Resale price of cooperative apartment. Notwithstanding any other provision of this article and subject to any regulation not inconsistent with this section which may be promulgated by the commissioner or the supervising agency, as the case may be, the resale price of a tenant cooperator’s shares in a mutual company shall not exceed the consideration he paid plus a proportionate share of the actual aggregate amortization of the first mortgage on the project from the date of such tenant cooperator’s purchase of such shares to the date of resale; provided that such proportion shall be in the same ratio to such aggregate amortization, as the number of shares held by the tenant cooperator bears to the total number of shares of issued and outstanding capital stock of the company.” (Emphasis supplied.)
Clearly, the words “shall not exceed” utilized in the statute are precatory and establish only that there is a maximum price which a shareholder may receive as a refund of consideration upon the resale of his shares in the co-operative. But there is no requirement that upon resale the shareholder be paid the maximum possible price. If.the value of the shares decreases the shareholder may be refunded less than the consideration he paid for the shares.
After establishing the guidelines for the refund of consideration the word “plus” is utilized to introduce the rule with regard to the return of amortization paid to vacating shareholders. Contrary to defendant’s contention the clear interpretation of the statute is that the flexibility of payment implied in the words “shall not exceed” is not applicable to the return of amortization. The statute provides: “plus”, i.e., in addition to the amount paid the shareholder as return of consideration he is entitled to receive his full proportionate share of the amortization for the period during which he was a shareholder, no more, no less. The statutory guideline for return of amortization is mandatory not precatory.*
*239 The interpretation is consistent with the statutory intent. Section 31-a of the Private Housing Finance Law was designed and enacted to prevent speculators from investing in co-operative shares and holding those shares for sale at a profit at a later date. Purchasers do not share in any increase in the value of the stock but run the risk that the value of their shares may decrease. Thus, upon resale, a shareholder is not entitled to recover more than the initial purchase price paid for the shares.
In addition to the consideration paid to purchase shares in the co-operative, during their period of occupancy tenants are required to pay carrying charges. Part of those charges are utilized to reduce housing project mortgage. Each mortgage payment to which the tenants contribute reflects an increase in a shareholder’s equity in the project equal to that portion of the carrying charge used to amortize the debt. That portion of the charge representing debt reduction constitutes an increase in equity above the consideration invested. The return of amortization does not represent the impermissible payment of profit but the permissible refund of equity. A vacating co-operative shareholder is entitled to recover his equity, i.e., the present value of the shares not exceeding the consideration paid “plus” amortization. Withholding of amortization does not just prevent the shareholder from making profit but contrary to statutory intent causes him to lose part of his equity investment.
This decision constitutes the findings of fact and law of this court and the clerk of the court is directed to enter judgment in favor of plaintiff for the amortization withheld.

 The present wording of section 31-a of the Private Housing Finance Law militates against defendant’s interpretation of the statute.
If the intent was for the return of amortization to be permissive, similar to the refund of consideration, the Legislature could have made the position clear by substituting the *239 words and the for plus in section 31-a. Thus, the statute would read: The resale price of a tenant cooperator’s shares in a mutual company shall not exceed the consideration paid [and the] proportionate share of the amortization.